UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER JOSPEH,

                Plaintiff

      - against -

P.O. JENNITZA CASTILLO,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3957 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

In August 2020, while confined at the Fishkill Correctional Facility ("Fishkill"), Plaintiff Christopher Joseph brought this *pro se* 42 U.S.C. § 1983 action against eleven New York officials and agencies. After the Court *sua sponte* dismissed most of the claims in the Complaint,[1] Defendant Parole Officer Jennitza Castillo moved to dismiss Plaintiff's last remaining claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court grants Defendant's unopposed motion and dismisses the Complaint without prejudice.[2]

---

[1] *See generally Joseph v. Cuomo*, No. 20-CV-3957 (PKC) (LB), 2021 WL 200984, at *1 (E.D.N.Y. Jan. 20, 2021).

[2] Although it previously declined to dismiss Plaintiff's claim against Defendant Castillo *sua sponte* pursuant to 28 U.S.C. § 1915A, the Court may "review the claim for facial plausibility following a properly filed motion to dismiss under Rule 12(b)(6)." *Treizon Lopez v. Semple*, No. 18-CV-1907 (KAD), 2019 WL 2548136, at *3 n.3 (D. Conn. June 20, 2019); *see also Steinmetz v. Annucci*, No. 17-CV-1000 (LJV) (JJM), 2018 WL 4765128, at *2 (W.D.N.Y. June 28, 2018), *report and recommendation adopted*, 2018 WL 4762254 (W.D.N.Y. Oct. 2, 2018) ("Section 1915 does not obligate the court to screen for every possible defect in a complaint, nor is the screening process infallible." (citations omitted)); *Dorlette v. Tyburski*, No. 15-CV-1856 (VAB), 2018 WL 279978, at *1 (D. Conn. Jan. 2, 2018) (allowing a 12(b)(6) motion to proceed and dismissing claims that survived a prior 28 U.S.C. § 1915A screening).

## BACKGROUND

Plaintiff, a convicted sex offender, is prohibited under New York law from living within 1,000 feet of a school.[3]  *See* Sexual Assault Reform Act ("SARA"), N.Y. Executive Law § 259–c (14); N.Y. Penal Law § 65.10(4–a); (Compl., Dkt. 1, at ECF 10[4]; Def.'s Mem., Dkt. 13, at 10–11.) In September 2019, Plaintiff finished his prison sentence, completed his time assessment period, and began his post-release supervision.[5]  (Compl., Dkt. 1, at ECF 3, 5.)  New York authorities confined Plaintiff at Fishkill until he secured SARA-compliant housing and appointed Defendant Castillo to be his parole officer.  (*Id.* at ECF 3, 5, 6.)  Plaintiff has never met Defendant, who told third-parties that Plaintiff would violate his parole if he called her.  (*Id.* at ECF 6.)  Defendant told Plaintiff that it "wasn't . . . her job" to help Plaintiff find SARA-compliant housing and that "she ha[d] no clue" where such housing could be found.  (*Id.* at ECF 6–7.)  Plaintiff—who learned that in the absence of "SARA[-][c]ompliant housing," he might spend his "entire post-release [period] in jail" (*Id.* at ECF 7, 10)—proposed at least three SARA-compliant addresses, but Defendant denied them all.  (*Id.* at ECF 6–7.)  For instance, Defendant deemed a house that was located 1,325 feet away from a school was non-compliant because "she could see the school[, which] mean[t] that it[] [was] to[o] close," and rejected Plaintiff's request to "measure the [house's] actual

---

[3] For the purposes of this motion, the Court accepts the Complaint's factual allegations as true and discusses them only to the extent they bear on the motion.

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[5] Under New York law, "a time assessment is a period of reincarceration which is fixed as a result of a sustained violation at a final parole revocation hearing," N.Y. Comp. Codes R. & Regs. tit. 9, § 8002.6(a) (2022), and "[p]ost-release supervision is a statutory monitoring program for those [who have completed their prison sentences], and is administered by the [B]oard of [P]arole under the terms contained in [N.Y. Penal Law § 70.45 (McKinney 2022)]."  *People v. Edwards*, 2007 WL 969416, at * 2 n. 2 (N.Y. Sup. Ct. 2007).

distance" from school grounds.  (*Id.* at ECF 7.)  Similarly, Defendant deemed a homeless shelter non-compliant on the basis that it "[did not] [ac]cept sex offender[s]," but Plaintiff has "since found out that[] [was] a lie." (*Id.*)  Finally, Defendant took "[three] months" to review a New York City apartment that Plaintiff had found, at which point the apartment had already been rented.  (*Id.*) Plaintiff's family contacted Defendant's supervisor, but the supervisor refused to intervene and demanded to be "le[ft] alone." (*Id.* at ECF 8.)

In August 2020, following twelve months of confinement in a Fishkill dormitory—whose toilets were broken and where 26 other men lived—Plaintiff sued under 42 U.S.C. § 1983 and, *inter alia*, asked for $100,000 in damages from Defendant.  (*Id.* at ECF 1, 9, 11.)  Plaintiff alleged that Defendant's obstructive behavior prolonged his confinement unlawfully, caused him to miss his son's birth and cousins' funeral, and subjected him to handcuffing and strip searches.  (*Id.* at ECF 5, 11.)

In January 2021, the Court dismissed without prejudice almost all but one of the claims in the Complaint pursuant to 28 U.S.C. § 1915A, and allowed only a "Fourteenth Amendment procedural due process claim" against Defendant to proceed.  *See Joseph*, 2021 WL 200984, at *11.  The Court granted Plaintiff a "sixty (60) day[] [period] to file an Amended Complaint alleging, if applicable, additional facts" regarding any deprivation of his due process rights.  *Id.* Since then, Plaintiff, who "has been released from . . . [Fishkill] and is now under Parole Supervision" (Def.'s Mem., Dkt. 13, at 4), failed to amend his Complaint, appear at the parties' pre-motion conference, and, despite the benefit of an extension, oppose the present motion to dismiss.[6]

---

[6] At the outset, the Court agrees with Defendant that "Plaintiff's [claim] fail[s] as the equitable claims are [now] moot [considering that Plaintiff] has been released from [Fishkill]."

**DISCUSSION**

## I.    Legal Standard

To withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (citations and internal quotations omitted).   Although "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citations omitted), the Court may dismiss a complaint "frivolous on its face" and "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259, 261 (E.D.N.Y. 1995).

## II.    *Heck* Does Not Bar Plaintiff's Claim Against Defendant Castillo

Defendant argues that *Heck v. Humphrey,* 512 U.S. 477 (1994), bars this claim because Plaintiff challenges the duration or fact of Plaintiff's confinement, or certain conditions on which the confinement's validity depended.  (Def.'s Mem., Dkt. 13, at 3–5.)  Because Plaintiff challenges Defendant's allegedly idiosyncratic behavior on which the fact or duration of his confinement did not necessarily hinge, the Court disagrees.[7]

---

(Def.'s Mem., Dkt. 13, at 1).  The Court already dismissed these claims in its prior Memorandum and Order, *Joseph*, 2021 WL 200984, at *11, and Plaintiff never attempted to revive them.

[7] Likewise, the Court rejects Defendant's suggestion that this claim fails because Plaintiff has not shown that "[Defendant] created [] conditions at Fishkill that would affect Plaintiff's health and safety, or that lead to the deprivation of any basic need." (Def.'s Mem., Dkt. 13, at 6.)  While Defendant mistakenly assumes that the "conditions" exception to *Heck* requires a showing of a substantive violation of the Due Process Clause, the Second Circuit has explained that "any deprivation that does not affect the fact or duration of a prisoner's overall confinement is

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a [42 U.S.C. § 1983 suit]." *Hill v. McDonough*, 547 U.S. 573, 579 (2006). However, under *Heck* and its progeny, a § 1983 action is barred, and a habeas action must be used instead, if "success in [the] action would necessarily demonstrate the invalidity of confinement [pursuant to state law] or its duration" unless the "conviction or sentence has already been invalidated." *Wilkinson v. Dotson*, 544 U.S. 74, 80, 82 (2005) (citations omitted); *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) ("When a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . § 1983 is not an available remedy" (quotations and citations omitted)); *Opperisano*, 286 F. Supp. 3d at 454 (same) (collecting cases). By implication, *Heck* does not bar § 1983 challenges to other "circumstances of confinement" because their invalidity "threaten[s] no consequence for [plaintiff's underlying] conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see also Jenkins*, 179 F.3d at 27–28 (finding *Heck* inapplicable in principle to "challenge[s] to the conditions of [plaintiff's] confinement," such as deprivations of "telephone [and] mail privileges" or access to "[physical] exercise, medical care, [and] adequate food and shelter[.]"); *Hill*, 547 U.S. at 583 (finding that *Heck* did not bar a § 1983 suit seeking to enjoin a particular method of execution because the state could use other methods to administer its sentence); *cf. Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997) (holding that *Heck* barred a § 1983 suit alleging that an adjudicating officer was biased and deceitful because it "necessarily" implied the confinement's invalidity).

---

necessarily a condition of that confinement," which is not barred by *Heck*. *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999). Thus, the Court finds that Defendant's argument is without merit.

*Heck* does not bar Plaintiff's claims.  First, Plaintiff does not challenge the "very fact and length of his confinement[.]"  (Def.'s Mem., Dkt. 13, at 3.)  The Court had previously construed the Complaint, which was never amended, to challenge only a condition of Plaintiff's confinement to which *Heck* does not apply.  *See Joseph*, 2021 WL 200984, at *4 ("Plaintiff appears to challenge . . . conditions of his confinement, including the process he was afforded with respect to his release to community-supervised housing.").  Second, even if Plaintiff's challenge implicates his confinement, it does not *necessarily* call the validity or duration of the confinement into question. New York law, through SARA, imposes housing restrictions as "a mandatory condition of release" of sex-offenders, *People ex rel. Johnson v. Superintendent, Adirondack Corr. Facility*, 163 N.E.3d 1041, 1048–49 (N.Y. 2020), and allows the Department of Corrections and Community Supervision ("DOCCS") to "require [sex offenders] to continue to reside in an [Residential Treatment Facility] [until] [t]he[y] obtained suitable housing," *People ex rel. McCurdy v. Warden, Westchester Cnty. Corr. Facility*, 163 N.E.3d 1087, 1094 (N.Y. 2020).  DOCCS bears a duty to "assist . . . individuals who are on community supervision to secure . . . housing," N.Y. Correct. Law § 201(5) (McKinney 2022), which it discharges upon "actively investigat[ing] and approv[ing] residences," *Gonzalez v. Annucci,* 117 N.E.3d 795, 803 (N.Y. 2018).  Plaintiff bore the "ultimate obligation" to find and obtain the consent of landlords to reside on any SARA-compliant premises.  *Id.* at 802–03.  Because the fact and duration of Plaintiff's confinement hinged not only on Defendant's procedures, but also on Plaintiff's ability to obtain permission from third parties to reside on their SARA-compliant premises, *Heck* does not bar this § 1983 claim.  Indeed, Plaintiff nowhere states that he had already secured anyone's irrevocable consent

to reside on their premises.[8]   Thus, even if Defendant's procedures were different, the end of

Plaintiff's confinement in prison would not have necessarily been a *fait accompli*.   The

unwillingness or inability of third parties to make Plaintiff—an unemployed sex offender—their

tenant, combined with the narrow availability of suitable housing, could have kept Plaintiff

confined.   *See Skinner*, 562 U.S. at 534 (finding that *Heck* did not bar a "suit for DNA testing

[because] . . . [w]hile test results might prove exculpatory, that outcome is hardly inevitable[, and]

the results might prove inconclusive or . . .  incriminat[ing]"); *Wilkinson*, 544 U.S. at 75 (holding

that *Heck* did not bar a claim where "[s]uccess for [plaintiff] . . . mean[t] at most a new [hearing]

at which [third-parties] may, in their discretion, decline to shorten his [sentence]"); *see generally*

*Gonzalez*, 117 N.E.3d at 801 (discussing "the intractable problems presented by inmates convicted

of sex offenses who must obtain SARA-compliant housing and must do so in a very limited market

without financial resources.").   Therefore, unlike the cases Defendant cites, Plaintiff does not seek

to upend the sole reason supporting the length and fact of his confinement.   *Cf. D'Angelo v.*

*Annucci*, No. 16-CV-6459 (KMK), 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) ("If the

---

[8] The Court reads this ambiguous Complaint, stating repeatedly that various apartments and shelters were merely "propose[d]" for Defendant's review (Compl., Dkt. 1, at ECF 7), in the light most favorable to the non-moving party and according to Plaintiff's general statement that he had "been a homeless NYC resident since 09/10/2019." (*Id.* at ECF 6.); *see also CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 118 (2d Cir. 2013) ("[A 12(b)(6) motion requires the Court to] construe the evidence in the light most favorable to the Plaintiffs, drawing all reasonable inferences and resolving all ambiguities in their favor." (cleaned up)).   Although Plaintiff asserts that the "Callahan Decree from 1981" gave him a "right to shelter" (Compl., Dkt. 1, at ECF 6), the Decree neither "exempt[ed] homeless shelters from compliance with the school grounds condition," *see People ex rel. Johnson v. Superintendent, Fishkill Corr. Facility*, 9 N.Y.S.3d 761, 764 (N.Y. Sup. Ct. 2015), nor "provide[d] [a] shelter to everyone upon demand without determining financial need, without conditions[,] and without time limit[s,]" *see Callahan v. Carey*, 762 N.Y.S.2d 349, 350–51 (N.Y. App. Div. 2003) (upholding a shelter application denial notwithstanding the 1981 Decree).   Thus, at most, the Complaint discloses Plaintiff's unilateral hope for some housing arrangement, as to which there is, in fact, no assurance he would have been admitted.

Court were to find [in plaintiff's favor] . . . there would have been no obstacle for [p]laintiff to immediately obtain conditional release to parole."); *Ahlers v. Boruch*, No. 04-CV-1747 (JG), 2007 WL 2042794, at *4 (E.D.N.Y. July 16, 2007) ("[A finding in plaintiff's favor would mean] no constitutional obstacle . . . between [the plaintiff] and release."); *Velazquez v. Gerbing*, No. 18-CV-8800 (KMK), 2020 WL 777907, at *8 (S.D.N.Y. Feb. 18, 2020) (same). Rather, because a finding in Plaintiff's favor, at most, creates the possibility that the duration of Plaintiff's confinement might have been shorter, the Court does not find that *Heck* bars Plaintiff's claim against Defendant Castillo.

### III.   Plaintiff Fails to Plead a Fourteenth Amendment Procedural Due Process Claim

"[T]o present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citations and quotations omitted); *Palacio v. Pagan*, 345 F. App'x 668, 669 (2d Cir. 2009) (same).

As to the first element, Plaintiff alleges that he "maxed out on [his] jail time [but] [was] continuously being held in prison" (Compl., Dkt. 1, at ECF 5), and therefore has identified a cognizable liberty interest that the Due Process Clause protects. Relying on state court precedent, Defendant argues that no such liberty interest exists under the due process clause. (Def.'s Mem., Dkt. 13, at 8 (discussing *Johnson*, 163 N.E.3d at 1051).) Contrary to *Johnson*, on which Defendant relies, the Second Circuit held in *Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993), that "[u]nder. . . the due-process clause[,] an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment." Because the Court "is obliged to follow [Second Circuit] precedent until it is overruled[,]" *United States v. Emmenegger*,

329 F. Supp. 2d 416, 436 (S.D.N.Y. 2004), the Court finds that Plaintiff has satisfied the first prong of his due process claim.

As to the second element, however, Plaintiff has failed to allege any facts demonstrating that under New York law, he was not afforded all of the process he was due.  "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees."  *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted).  "In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy."  *Id.* (citations omitted).

Here, Plaintiff does not allege that he was deprived of due process based on established state procedures, but based on random, unauthorized acts by Defendant Castillo—consisting of lies, threats, arbitrarily "reject[ing] every address" proposed by Plaintiff, and intentionally "leav[ing] [Plaintiff] in prison[.]"  (Compl., Dkt. 1, at ECF 7); *see also Zinermon v. Burch*, 494 U.S. 113, 130 (1990) (noting that in *Hudson v. Palmer*, 468 U.S. 517 (1984), a prison guard who deliberately decided to destroy a prisoner's property "was apparently pursuing a random, unauthorized personal vendetta against the prisoner."); *Moore v. Newton*, 220 F. Supp. 3d 275, 295 (E.D.N.Y. 2016) (finding a parole officer's failure to follow "established state procedures," and decision to confine plaintiff after his sentence's expiration, to be "random, unauthorized" acts). The Complaint, devoid as it is of any assertion that habeas and Article 78 proceedings were inaccessible to Plaintiff to challenge Defendant's allegedly random and unauthorized acts, fails to establish "that no meaningful remedy was available subsequent to [Plaintiff's] liberty deprivation."

*Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 165–66 (S.D.N.Y. 2007) (rejecting a procedural due process claim because "[p]laintiff could have initiated either an Article 78 proceeding or a state habeas proceeding to adjudicate his claim regarding his release date"); *Moore*, 220 F. Supp. 3d at 295 (finding that a parole officer's "failure to intervene to secure [P]laintiff's release [was] . . . a 'random, unauthorized act' for which the availability of a post-deprivation remedy such as an Article 78 or habeas proceeding under state law would [satisfy due process]."); *Schultz v. Egan*, 103 F. App'x 437, 441 (2d Cir. 2004) ("[T]he availability of an Article 78 proceeding or a habeas proceeding would almost certainly suffice to satisfy the due process clause.").

Accordingly, Plaintiff's due process claim against Defendant Castillo is dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Castillo's motion to dismiss the sole remaining claim without prejudice. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of any appeal. The Clerk of Court is respectfully requested to enter judgment accordingly and terminate this action.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 27, 2022
Brooklyn, New York